# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ELLIE CARNO, | CASE NO. 07cv671 - IEG - NLS |
|---|---|
| Plaintiff, | Order Denying Motion for Award of Attorneys' Fees [Doc. No. 20] |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. For the following reasons, the Court denies the motion as untimely.

## BACKGROUND

In May 2002, plaintiff, a Social Security recipient, applied for widow's benefits as a survivor her late husband, Mr. Duran. In that application, she reported her marriage to the agency for the first time. On June 20, 2005, the Social Security Administration advised plaintiff she had received an overpayment of wife's benefits of $25,897 between 1992 and May 2005.

Plaintiff requested a waiver of the overpayment on June 29, 2005. The Social Security Administration denied plaintiff's request, finding plaintiff was not free of fault. On October 17, 2006, an administrative law judge conducted a hearing, concluded plaintiff was overpaid benefits, determined plaintiff was not without fault, and declined to waive recovery of the overpayment. The ALJ's decision became the Commissioner's final decision when the Appeals Council found no basis for review. Plaintiff commenced this action for judicial review pursuant to 405(g) and filed a motion for summary judgment on November 26, 2007. (Doc. No. 14.)

On January 24, 2008, the parties jointly moved for an order of voluntary remand. (Doc. No. 18.) On January 29, 2008, the Court issued an Order of Remand pursuant to sentence four of 42 U.S.C. Section 405(g). (Doc. No. 19.) On December 1, 2008, Plaintiff filed the present motion.

**DISCUSSION**

i.  Parties' Argument

Plaintiff argues the Equal Access to Justice Act ("EAJA") requires the United States pay prevailing party's costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). Plaintiff argues she was the prevailing party because, under Shalala v. Schaefar, 509 U.S. 292, 300-302 (1993), a claimant who obtained a judgment pursuant to "sentence four" of 42 U.S.C. § 405(g) is a prevailing party. Plaintiff obtained a sentence four judgment in this action. Plaintiff further argues the United States position is not substantially justified, proven by the government's concession that the ALJ's determination contained errors requiring remand.

The government argues the motion is untimely. The government argues plaintiff had only 30 days to submit an application for attorneys' fees to the court after final judgment. Final judgment occurred, according to the government, on August 27, 2008. Therefore, the government argues plaintiff's December 1, 2008 application was untimely.

ii.  Analysis

The EAJA instructs courts to award costs to a "prevailing party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party has thirty days after the final judgment to apply for attorneys' fees and costs. 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The parties do not dispute plaintiff became a "prevailing party" on January 29, 2008, when the Court remanded the action pursuant to sentence four of 42 U.S.C. §405(g). See Shalala v. Schaefer, 509 U.S. 292, 302 ("A sentence-four remand, of course, is a judgment for the plaintiff.")(citations omitted). To determine timeliness, the Court must calculate when judgment was entered, when judgment became final, and when the EAJA attorneys' fees application period expired.

The first issue is when the Court entered judgment. Federal Rule of Civil Procedure 58 controls the entry of judgment. Rule 58(c) sets the "time of entry" at the earlier of (1) the time when the judgment is set forth in a separate document or (2) 150 days after the entry in the civil docket, whichever occurs earlier. Fed. R. Civ. P. 58(c). In the present case, the judgment was not set forth in a separate document; therefore, entry occurred 150 days after the entry in the civil docket. Entry in the civil docket occurred on January 29, 2008; therefore, entry of judgment occurred 150 days later, on June 27, 2008.

The second issue is when judgment became final. A judgment is final when it is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). In cases in which the federal government is a party, Rule 4(a) of the Federal Rules of Appellate Procedure allows a party to appeal up to 60 days after the entry of judgment. In the present case, plaintiff's 60 days began to run on June 27, 2008 and expired on August 27, 2008. Because plaintiff failed to appeal, judgment became final on August 27, 2008.

The final issue is whether plaintiff brought a timely application for attorneys' fees. Under the EAJA, after final judgment plaintiff had 30 days to apply for attorneys' fees. 28 U.S.C. § 2412(d)(1)(B). In the present case, plaintiff had until 30 days after August 27, 2008; therefore, any application filed after September 27, 2008 was untimely. Accordingly, plaintiff's December 1, 2008 application for attorneys' fees was untimely and is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

DATED: February 13, 2009

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court